IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY WINNELL CHAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:14-cv-01147-GMB |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 16, 2012, Plaintiff Kimberly Winnell Chavis ("Chavis") applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, respectively, alleging a disability onset date of December 22, 2011 for both claims.  Chavis' claims were denied at the initial administrative level.  Chavis then requested and received a hearing before an Administrative Law Judge ("ALJ").  On March 21, 2013, the ALJ held a hearing and, on April 22, 2013, denied Chavis' claims.  Chavis requested a review of the ALJ's decision by the Appeals Council ("AC") and that request was denied on October 7, 2014.  Thus, on that date, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended

1

findings of fact and conclusions of law (Doc 19).  Based on the court's review of the record and the relevant law, it is the RECOMMENDATION of the Magistrate Judge that the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (quotation marks omitted).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440).  The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465 at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)).  The court will reverse the Commissioner's

decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Id.* (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).  There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d)(1)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Chavis bears the burden of proving that she is disabled, and she is responsible for producing evidence to support that claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. §§ 404.1520(a), 416.920.  Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?

3

(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[1]  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)–(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III.  DISCUSSION

### A.    Facts

Chavis was forty years old at the time of the ALJ's decision. R. 147.  She left school after the ninth grade and later obtained her general education degree. R. 42.  Her past employment experience includes work as a cashier. R. 28, 171.  Following an administrative hearing, the ALJ found at step one that Chavis had not engaged in substantial gainful activity since the alleged onset date, December 22, 2011. R. 24.  At step two, the ALJ determined that Chavis suffers from the following severe impairments: bipolar disorder, anxiety, and depression. R. 24. The ALJ then stated:

> Medical records indicate that the claimant has more than minimal limitations due to her impairments. The undersigned finds the claimant's impairments limit her ability to do basic work activities, and therefore meet the criteria for severity under 20 CFR 416.920(c).

---

[1] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental income benefits case, but the same sequence applies to determinations of disability insurance benefits. *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981).  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., id.*

> The claimant's migraines are non-severe. They are episodic in nature, and resolve with conservative treatment (Exhibit 5F).
>
> The Exhibit at 9F (5F is a duplicate) indicates the claimant has been diagnosed with RLS, hypertension, insomnia and vertigo. But for the hypertension, these impairments have either not lasted 12 continuous months and/or do not impose any significant limitation on the claimant's ability to do work related activities. There is no evidence of limitation or restriction and the claimant's physician has not restricted her in any way. I note there is very little evidence of any restriction in this case.
>
> However, under 20 CFR 404.1523 and 416.923, I must consider the combined effect of all impairments on the person's ability to function without regard to whether any such impairment, if considered separately, would be of sufficient severity. I have done so in this case.

R. 24–25.  The ALJ then found, at step three, that Chavis "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." R. 25.

The ALJ then determined Chavis' residual functional capacity, stating, "[a]fter careful consideration of the entire record," Chavis has the residual functional capacity to perform work at all exertional levels but with several nonexertional limitations. R. 26, 28. The ALJ stated,

> In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p . . . .

R. 26.  The ALJ then addressed Chavis' credibility, and related the following:

> The claimant alleged she is unable to work due to depression, anxiety, and bipolar disorder but at the hearing, when the undersigned asked her why she could not work, she testified she could not work first, because she

5

moved[2] and second, because anything can "set her off." The claimant stated that she stopped working because she could not cope with back pain, the public, her mother's death, a bad divorce, and her status as a single parent. She does not like crowds, and has panic attacks. The claimant reported panic attacks 2-3 times per month. They last approximately 15-20 minutes. She attended group therapy twice per month. She reported that her blood pressure goes up with [sic] when she is upset, and she experiences headaches and dizziness. She takes Maxalt for headaches, and lies down in a dark room to relieve her headaches. She has not seen a specialist for her migraines. The claimant lies down for three hours per day because her "body cannot function."

R. 27.   The ALJ recounted the evidence primarily concerning Chavis' mental health treatment from Dr. Lopez and SpectraCare Health, R. 27, and the ALJ then stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

> In terms of the claimant's alleged limitations, the undersigned finds the claimant's hearing testimony less than credible. The claimant reported that she stopped working due to an inability to cope, and reported panic attacks occurring 2-3 times per month. The medical evidence shows treatment for situational depression with medication and group therapy. Records do not corroborate the frequency of the claimant's panic attacks. There is nothing in the record from Dr. Lopez or SpectraCare to suggest the claimant is unable to function. Office visits with Dr. Lopez in July and October 2012 lasted only nine minutes each. Records showed frequent cancellations and "no shows" between November 2012 and February 2013. Despite her impairments, the claimant is able to prepare meals for her son, wash his clothing, and schedule and transport him to appointments as needed. She has no difficulty care for her personal needs, cleaning, driving, or shopping in stores for clothing and personal needs (Exhibit 5E, 2F, 11F, 12F).

---

2 Chavis did not testify that she could not work because she "moved," but rather because of her "moods." R. 41. Chavis does not complain about the error, and in any event, the error was harmless, as it is clear the focus of the decision is on Chavis' moods, and the ALJ does not mention her moving again. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (finding ALJ error was harmless when correction of the error would not change the ALJ's decision).

As for the opinion evidence, the undersigned gives considerable weight to State agency Disability Determination Explanations indicating that the claimant is not disabled. Findings are consistent with treatment notes that show treatment with medication and group therapy, with little, if any, limitation of function (Exhibits 1A, 2A).

The [ALJ] gives some weight to the Third Party Function Report of Rita Hughes to the extent it indicates the claimant can clean and do laundry 2-3 times per week for 3-5 hours at a time, prepare simple meals daily, and shop for groceries. Her report of the claimant's activities of daily living does not support a finding of disability (Exhibit 6E).

In sum, the above residual functional capacity assessment is supported by the [claimant's] activities of daily living, which include household chores, shopping, caring for and supervising her son. These activities suggest the claimant is able to concentrate for two hours at a time, and carry out simple tasks. The claimant's limitations are based on the claimant's testimony of difficulty with concentration, persistence, and interpersonal functioning (Exhibits 5E, 6E).

R. 27–28.

Next, at step four, the ALJ found Chavis could not perform her past work. R. 28. At step five, the ALJ determined there are jobs that exist in significant numbers in the national economy that she could perform. R. 29.  Thus, the ALJ concluded that Chavis was not disabled within the meaning of the Social Security Act from December 22, 2011, her alleged disability onset date, through the date of the ALJ's decision, and denied Chavis' claims. R. 29–30.

Chavis requested a review of the ALJ's decision by the AC. R. 15.  Chavis submitted additional evidence to the AC for consideration, which included medical records from Southeast Alabama Medical Center, dated May 2, 2014 through June 26, 2014. R. 5, 336–80.  The Appeals Council expressly made the additional evidence part of

its record, but found the evidence provided no basis to change the ALJ's decision, and denied Chavis' petition for review. R. 1–5.  This action followed.

## B.    Issue Presented

Chavis presents one issue for the court's review: whether the Commissioner erred as a matter of law at step two in finding that Chavis' headaches are not a severe impairment. Doc. 12 at 4.   Chavis argues the record clearly establishes that her "headaches have more than a minimal effect on her ability to work and usually last for two days. (TR. 45).  Ms. Chavis testified that she has migraines three times a month and usually lasts for two days. (TR. 45)." Doc. 12 at 9.  Chavis further argues that the ALJ was required to consider the combined effect of her severe and nonsevere impairments in determining whether she is disabled. Doc. 12 at 9 (relying on *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986); and SSR 96-8p).   She argues the ALJ is required to consider, independently and in combination, the effects of her headaches in determining her residual functional capacity and ability to perform other work, and that her symptoms of nausea and vomiting are consistent with migraines. Doc. 12 at 10–11 (citing *Ortega v. Chater*, 933 F. Supp. 1071, 1075 (S.D. Fla. 1996)).  Chavis argues the ALJ summarily dismissed the severity of her headaches and failed to address them thereafter, which "is not a proper basis to" determine whether an impairment is nonsevere. Doc. 12 at 11.  Chavis asks the court to remand the case to the ALJ under sentence four of 42 U.S.C. § 405(g), find that her headaches are a severe impairment, consider their impact on her ability to work, reassess

her residual functional capacity, obtain vocational expert testimony, and issue a new decision. Doc. 12 at 11.

## C.   Discussion

The determination whether an impairment is "severe" is a "threshold inquiry," and "only claims based on the most trivial impairments" are rejected as nonsevere. *See McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (relying on *Brady v. Heckler*, 724 F.2d 914 (11th Cir. 1984) to define 20 C.F.R. § 416.920(c)).  "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.  Claimant need show only that her impairment is not so slight and its effect is not so minimal." *Id.*  A claimant satisfies step two if the ALJ finds *any* severe impairment. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("[T]he finding of any severe impairment, . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two.") (emphasis added and citations omitted).  More importantly for Chavis, in this circuit, "[n]othing requires that the ALJ must identify, at step two, *all* of the impairments that should be considered severe" so long as "at step three, the ALJ . . . demonstrate[s] that it has considered all of the claimant's impairments, whether severe or not, in combination." *Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x 823, 825 (11th Cir. 2010) (emphasis added).

To demonstrate that all the impairments, severe or non-severe, have been considered in combination, the ALJ must make "'specific and well-articulated findings as

to the effect of the combination of impairments.'" *Heatly*, 392 Fed. App'x at 825 (quoting *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984)).  In *Heatly*, the Eleventh Circuit held that the ALJ considered the impairments in combination because "[t]he ALJ discussed in detail Heatly's testimony and medical history, which included Heatly's pain complaints, his limitations due to pain, and the diagnoses he received related to his pain." *Id.*; *see also id.* (relying on *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991), for the proposition that "a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings")); *cf. Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1198–1201 (M.D. Ala. 2002) (ruling that the ALJ erred because the ALJ "simply failed to address" some of the alleged impairments; "the ALJ must at least refer to all of the alleged impairments"; discussing two lines of cases that address what constitutes consideration of the combination of impairments, that is, *Jones* and *Walker* and their progeny; and offering questions to use as a "pathway" to making the required analysis).

Here, the ALJ referred to the medical evidence of Chavis' migraines, and determined that Chavis' migraines are not a severe impairment. R. 24.  The ALJ expressly stated that he "consider[ed] the combined effect of all impairments on the person's ability to function without regard to whether any such impairment, if considered separately, would be of sufficient severity." R. 24–25 (alteration added).  At step three, the ALJ stated Chavis "does not have an impairment or *combination* of impairments that meets or medically equals the severity of one of" those listed in the applicable regulations. R. 25 (emphasis added).

10

The ALJ recognized that in determining the residual functional capacity, the ALJ "must consider all of the claimant's impairments, including impairments that are not severe. (20 CFR 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p)." R. 24. Further, in determining Chavis' residual functional capacity, the ALJ stated he considered "the *entire* record" and "*all* symptoms" and that he made findings regarding Chavis' credibility "based on a consideration of the *entire* case record." R. 26 (emphasis added). Although the ALJ did not specifically list headaches when he stated Chavis "alleged she is unable to work due to depression, anxiety, and bipolar disorder," later in the same paragraph of analysis the ALJ acknowledged that Chavis "reported that her blood pressure goes up with [sic] when she is upset, and she experiences headaches and dizziness. She takes Maxalt for headaches, and lies down in a dark room to relieve her headaches. She has not seen a specialist for her migraines." R. 27. The ALJ did not thereafter mention the headaches in finding Chavis' testimony less than credible. R. 27–28.

While the ALJ could have discussed the medical evidence regarding Chavis' headaches in more detail, the ALJ's analysis was sufficient to discharge his duty that he consider all the impairments, severe and nonsevere, in combination. *See Heatly*, 480 Fed. App'x at 825; *see also id.* at n.3 (noting that the ALJ's alleged error at step two did not prevent the ALJ from properly considering all of his impairments in combination at step four, where the ALJ considered "'the entire record'" and "'all symptoms'"). The ALJ in Chavis' case conducted a more specific analysis than the ALJ in *Williams*, who did not even mention the nonsevere impairment. *See Williams*, 186 F. Supp. 2d at 1201; *see also*

11

*Saunders v. Comm'r of Soc. Sec.*, 2016 WL 1040002, at *4 (M.D. Fla. Mar. 16, 2016) ("[T]he record demonstrates that even if the ALJ erred in failing to determine that Plaintiff's alleged migraines were not severe at step two, the ALJ considered these impairments in combination with Plaintiff's other impairments."); *Walker v. Comm'r of Soc. Sec*., 2016 WL 944264, at *5 (M.D. Fla. Mar. 14, 2016) (holding that ALJ erred because "there is no indication that he even considered the medical evidence of Plaintiff's migraine headaches"); *Law v. Colvin*, 2016 WL 627710, at *11 (N.D. Ala. Feb. 17, 2016) (holding that ALJ satisfied duty to consider all impairments in combination and noted that "'no treating, examining, or reviewing physician has suggested the existence of any impairment *or combination of impairments* that would meet or medically equal the criteria of any listed impairment'") (citation omitted); *Swain v. Colvin*, 2014 WL 4829481, at *3 (N.D. Ala. Sept. 29, 2014) (noting that ALJ recognized duty to "'consider all of the claimant's impairments, including impairments that are not severe,'" and "statement that he considered 'all symptoms and the extent to which these symptoms that can reasonably be accepted as consistent with the objective medical evidence' was sufficient to show" the ALJ considered all impairments); *Jones*, 2011 WL 1706465, at *6–7 (holding that ALJ met the "'baseline requirement' as delineated in *Williams* to 'at least mention all of the claimant's individual impairments'").  Consequently, the court holds that the ALJ applied the law properly and the ALJ's denial was supported by substantial evidence.

## IV.  CONCLUSION

Pursuant to the findings and conclusions detailed in this Report and

Recommendation, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the decision of the Commissioner be AFFIRMED.

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **May 5, 2016.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 21st day of April, 2016.

               /s/ Gray M. Borden
               UNITED STATES MAGISTRATE JUDGE